IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER BROWN, | : | CIVIL ACTION NO. **3:CV-11-0986** |
| Petitioner | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| B.A. BLEDSOE, WARDEN, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background.**

On May 23, 2011, Petitioner Peter Brown, an inmate at USP-Lewisburg, Lewisburg, Pennsylvania, filed, *pro se*, the instant 22-page Petition for Writ of Habeas Corpus, with exhibits, Exs. A-D, pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner paid the filing fee. (Doc. 7). On May 25, 2011, Petitioner filed a Motion for Summary Judgment pursuant to Rule 56(c) as well as a support Affidavit with exhibits, Exs. A and B. Petitioner's Summary Judgment Motion is inappropriate in this §2241 case. *See Paladino v King*, 2008 WL 1820666, * 6 (E.D. Pa. 4-22-08).

Petitioner's Doc. 1, Ex. D is identical to his Doc. 5, Ex. A (copy of Petitioner's December 31, 1991 Indiana State Plea Agreement), and his Doc. 1, Ex. C is identical to his Doc. 5, Ex. B (copy of Petitioner's June 17, 1992 Indiana State Criminal Judgment for Reckless Homicide). Further, Petitioner's Doc. 1, Ex. A is identical to his Doc. 5, Ex. C (copy of Petitioner's May 20, 2004 PSR in the United States District Court for the Southern District of Indiana).

Named as Respondent in this habeas petition is B. A. Bledsoe, the Warden at USP-Lewisburg.[1] The habeas petition has not yet been served on Respondent for a response.

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[2]

**II. Factual Background**.

On July 9, 2004, almost seven (7) years ago, in the United States District Court for the Southern District of Indiana, Petitioner was sentenced after being convicted of two firearm offenses, namely, a felon in possession of a firearm and ammunition. Specifically, Petitioner states that his convictions were for violations of 18 U.S.C. § 922(g)(1). (Doc. 1, p. 3 and Ex. A). A Judgment and Commitment Order ("J&C") by the United States District Court for the Southern District of Indiana was entered and Petitioner was sentenced to imprisonment for 108 months. (Doc. 1, p. 3). Petitioner states that his July 2004 federal sentence was enhanced based, in part,

---

[1]Petitioner named the correct Respondent since he is presently confined at USP-Lewisburg and Bledsoe is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Petitioner also correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

upon his 1992 Indiana State conviction for Reckless Homicide. Petitioner states that he was sentenced under the then mandatory U.S. Sentencing Guidelines as a §2K2.1(a)(2) offender based on his two prior felony convictions, including his 1992 Indiana State conviction. Petitioner claims that the State of Indiana breached his plea agreement in his 1992 criminal case and that his 1992 conviction was rendered invalid. Petitioner states that Indiana breached his plea agreement since he was supposed to have served his 4-year sentence as follows, 18 months in the Indiana Department of Community Correction and 18 months in work release in Volunteer of America. However, Petitioner states that after serving 4 months of his Indiana sentence, he was ordered to serve the remainder of his State sentence at the Indiana Department of Correction. Petitioner refers to his Doc. 1, Ex. C, copy of his June 17, 1992 Indiana State Judgment. Thus, Petitioner claims that his invalid 1992 Indiana State conviction should not have used by the United States District Court for the Southern District of Indiana to enhance his July 2004 federal firearm violation sentence. Petitioner claims that he is actually innocent of the enhancement he received on his current federal sentence based, in part, on his 1992 Indiana conviction because he claims that his Indiana conviction was invalidated by the State's breach of his plea agreement as to where he was supposed to have served his sentence.

Petitioner claims that since his 1992 Indiana State conviction should have been invalidated due to the State's alleged breach of his plea agreement, this conviction should not have been used by the United States District Court for the Southern District of Indiana as one of the two prior qualifying felony convictions when he was adjudicated a §2K2.1(a)(2) offender. Thus, Petitioner states that he is actually innocent of being a §2k2.1(a)(2) offender since the United States District

Court for the Southern District of Indiana relied, in part, on his nonexistent 1992 Indiana State conviction as one of this two predicate felony convictions.

After his federal sentence was imposed, Petitioner filed a Motion to Vacate his July 2004 federal sentence, pursuant to 28 U.S.C. § 2255, and it was denied by the United States District Court for the Southern District of Indiana since he failed to exhaust his state court remedies to have his 1992 Indiana State Court conviction overturned, vacated or expunged. Petitioner states that he then exhausted all of his available Indiana State Court remedies, and that by doing so, the one year statute of limitations to file another §2255 motion has expired. (*Id.*, p. 4). Petitioner does not state if he was successful in having his 1992 Indiana State conviction overturned in the state courts but it appears that he was not. Nor does Petitioner state if he filed a request to file a second or successive § 2255 motion with the Seventh Circuit Court of Appeals after he exhausted his state court remedies to try and have his 1992 Indiana conviction overturned.

Petitioner indicates that he tried to get his 1992 Indiana State conviction overturned by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254, with the United States District Court for the Southern District of Indiana on May 17, 2007. Petitioner states that on November 14, 2007, the District Court dismissed his §2254 habeas petition for lack of jurisdiction since Petitioner was no longer still in custody on his 1992 Indiana State conviction. Petitioner refers to his Doc. 1, Ex. B, copy of the United States District Court for the Southern District of Indiana's November 14, 2007 Order dismissing Petitioner's §2254 habeas petition.

Petitioner then filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, with the United States District Court for the Middle District of Pennsylvania, claiming actual

innocence of his 1992 Indiana State conviction. Petitioner also claims that his July 2004 federal sentence enhancement based on two prior felony convictions, including his 1992 Indiana State conviction, was improper.

As relief, Petitioner seeks this Court to vacate, reverse and expunge his 1992 Indiana State conviction based on his contention that his Indiana State Court sentence violated his plea agreement as he was made to serve his sentence in a harsher prison than was agreed to in his plea bargain. Petitioner states that if this Court vacates his 1992 Indiana State conviction, then he can be re-sentenced in the United States District Court for the Southern District of Indiana on his July 2004 federal sentence without the enhancement based on two prior felony convictions. If he is re-sentenced on his federal sentence, Petitioner states that he will be subject to immediate release from confinement. (Doc. 1, pp. 21-22).

We will recommend that the present habeas petition be dismissed for lack of jurisdiction since §2255 is Petitioner's remedy with respect to his claim. As mentioned, Petitioner is presently serving his federal July 2004 sentence at USP-Lewisburg.

Petitioner states that another Motion under §2255 is inadequate or ineffective with respect to his present habeas claim since it would be untimely. As stated above, Petitioner's first §2255 Motion was dismissed by the United States District Court for the Southern District of Indiana since he had not exhausted his Indiana State Court remedies to have his 1992 Indiana State conviction overturned. Petitioner seems to indicate that he was not successful in having his 1992 Indiana State Court conviction overturned in the state courts, and he indicates that his §2254 habeas petition he filed with the United States District Court for the Southern District of Indiana regarding his 1992

state court conviction was dismissed in November 2007 since he was no longer in custody on this sentence. Petitioner does not state if he filed a motion with the Seventh Circuit Court of Appeals seeking permission to file a successive § 2255 motion.

## III. Discussion.

We find that Petitioner Brown's present § 2241 habeas petition should be dismissed for lack of jurisdiction. *See Wallace v. Bledsoe*, 2011 WL 766646 (M.D. Pa. 2-7-11)(Court summarily dismissed inmate's §2241 habeas petition for lack of jurisdiction claiming that his state court conviction for unlawful restraint should not have been used by the federal sentencing court to sentence him as an armed career offender and enhance his federal sentence to 300 months since it was a "none existent state charge.").

Specifically, as in the recent *Wallace* case, we find that § 2255 is an adequate and effective remedy for Petitioner Brown to raise his instant habeas claim, namely, that his 1992 Indiana State Court conviction for Reckless Homicide (a Class C Felony) should not have been used by the United States District Court for the Southern District of Indiana to enhance his July 2004 federal sentence to 108 months in prison since his 1992 state conviction was invalid due to the breach of the plea agreement as to the agreed upon place of his confinement. *See also Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. (11-29-10); *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10). Simply because Petitioner Brown's first §2255 Motion was dismissed by the United States District Court for the Southern District of Indiana and simply because the one-year statute of limitations to file a §2255 Motion has expired does not render this Motion as inadequate or ineffective for Petitioner to raise his present claim. Suffice to say that, based on recent Middle District cases directly on point, we

find Petitioner Brown's present habeas claim must be raised *via* a 2255 motion. *See Wallace, supra; and Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10)(Court held that it lacked jurisdiction over inmate's §2241 habeas claim that the federal sentencing court incorrectly determined that he was a career criminal for purposes of sentencing based on a prior state court conviction.); *DiFilippo v. Sniezek*, Civil No. 10-0406, M.D. Pa., aff'd. 2010 WL 3965893 (3d Cir. 10-12-10) (Court found that §2255 Motion was remedy for Petitioner who claimed that he should not have been sentenced as a career offender and that his guideline range should not have been increased, since the Supreme Court recently found that escape was not always a crime of violence for purposes of sentencing a Defendant as a career offender).

As stated, Petitioner Brown has already attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective to raise his present habeas claim. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.; *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10) adopted 2010 WL 2926593 (M.D. Pa. 7-26-10). Petitioner contends that § 2255 is inadequate or unavailable in light of the fact that his 1-year statute of limitations to file another § 2255 motion has expired. However, Petitioner can nonetheless file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Seventh Circuit Court of Appeals.

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). A section 2255 motion is not "inadequate or ineffective" merely because the sentencing court has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner

>cannot meet the gatekeeping requirements of section 2255, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). As noted above, Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claims he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*.

In the case of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d Cir. 2005) (Per Curiam), the inmate filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under U.S.S.G. § 4 B1.1 since the one state conviction was unconstitutionally obtained. The Third Circuit held that inmate could not pursue his claim *via* § 2241 habeas petition since no showing that § 2255 motion was inadequate or ineffective. The Third Circuit vacated the portion of the Middle District of Pennsylvania District Court's decision that considered Littles' habeas petition claim on its merits. The Third Circuit concluded that "[because Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to consider the merits of his petition." *Id*. at 104.

Based on *Littles*, as well as *Wallace*, *Blum* and *DiFilippo*, this Court is clearly without jurisdiction to consider Petitioner Brown's § 2241 habeas petition. We find that Petitioner's recourse is to seek permission from the appeals court to file a second motion under § 2255 with respect to his 2004 federal sentence. Thus, Petitioner's contention that his current federal sentence of 108 months was impermissibly based on the sentencing court's finding that he was a §2K2.1(a)(2) offender due to his two prior felony convictions, including his 1992 Indiana State conviction, should be raised in a § 2255 motion. *See Littles, supra; Blum, supra.* Petitioner Brown must seek his relief *via* that vehicle even though he is required to seek permission from the appeals court to file a second § 2255 motion. *Okereke, supra.*

In this case, even though Petitioner Brown has already filed a § 2255 motion regarding the sentence for which he is presently incarcerated, he does not demonstrate a personal inability to utilize this remedy. Despite the fact that he did file a previous § 2255 motion as to his sentence, he does not establish the inadequacy or ineffectiveness of the remedy itself. *See Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to

petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

In *Hornaday v. Lamanna*, 2000 U.S. App. LEXIS 10785 (6th Cir. 2000), Petitioner filed a § 2241 petition claiming that he was improperly sentenced under the ACCA because his 1966 state burglary conviction did not constitute a crime of violence under the U.S.S.G. and because it did not involve a dwelling. The Court found that § 2255 was Petitioner's remedy and that the District Court lacked jurisdiction over the habeas petition.

Thus, we will recommend that the District Court summarily dismiss Petitioner Brown's habeas petition under Rule 4 since we find that Petitioner's recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Seventh Circuit Court of Appeals. *See Davis v. Sniezek*, Civil No. 08-1119, M.D. Pa.; *Hart v. Holt*, 2007 WL 626159 (M.D. Pa.)(Court found that Petitioner should raise his instant claim that his sentence should not have been enhanced under the ACCA by filing a motion with the Third Circuit to file a successive § 2255 motion); *Winkelman v. Holt*, 2009 WL 1314864 (M.D. Pa.); *Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.); *Bush v. Elbert*, 299 Fed. Appx. 147 (3d Cir. 11-14-08)(Third Circuit found that inmate's remedy for his claim that his federal sentence was improperly enhanced under the ACCA was a §2255 motion). As in *Bush*, Petitioner Brown makes no claim that he is actually

innocent of his July 2004 firearm convictions for violations of 18 U.S.C. § 922(g)(1), and Brown's present habeas claim is clearly an attack on the legality of the 108-month sentence imposed on him by the United States District Court for the Southern District of Indiana.  Thus, Petitioner Brown cannot "evade the gatekeeping requirements of §2255 by seeking relief under §2241." *Bush v. Elbert*, 299 Fed. Appx. at 149.

Based upon the well-settled case law, we shall recommend that Petitioner Brown's Habeas Corpus Petition (Doc. 1) be dismissed for lack of jurisdiction without directing service of it on Respondent.  We shall also recommend that Petitioner's Motion for Summary Judgment (Doc. 4) be denied.

**IV**.  **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Brown's Petition for Writ of Habeas Corpus (**Doc. 1**) be dismissed, without directing service of it on Respondent, for lack of jurisdiction.  It is also recommended that Petitioner's Motion for Summary Judgment **(Doc. 4)** be denied.

> s/ Thomas M. Blewitt
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: June 6, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER BROWN, | : | CIVIL ACTION NO. **3:CV-11-0986** |
| Petitioner | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| B.A. BLEDSOE, WARDEN, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **June 6, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                    **s/ Thomas M. Blewitt**
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**

**Dated: June 6, 2011**