FILED
SCRANTON

JAN 11 2012

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER BROWN, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 3:11-CV-986 |
| | : | |
| v. | : | (JUDGE NEALON) |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| B.A. BLEDSOE, WARDEN, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM and ORDER

On May 23, 2011, Peter Brown ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his 2004 federal sentence from the United States District Court for the Southern District of Indiana. (Doc. 1). On May 25, 2011, Petitioner filed a motion for summary judgment. (Docs. 4-5). On June 6, 2011, Magistrate Judge Thomas M. Blewitt issued a Report and Recommendation ("R&R") recommending that the habeas petition be dismissed for lack of jurisdiction and the motion for summary judgment be denied. (Doc. 9). On June 24, 2011, Petitioner filed objections to the R&R. (Doc. 12). For the reasons set forth below, the R&R will be adopted.

**Background**[1]

In 2003, Petitioner was charged in the United States District Court for the Southern District of Indiana with two (2) counts of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), arising from evidence obtained during a search of his apartment. See United States v. Brown, 2004 U.S. Dist. LEXIS 11914 (S.D. Ind.

---

[1] The procedural history in Indiana was obtained from the dockets of the United States District Court for the Southern District of Indiana and of the Seventh Circuit Court of Appeals.

2004). The trial court denied his motion to suppress. Id. Petitioner was subsequently convicted by a jury of each charge and was sentenced to one hundred eight (108) months imprisonment. See United States v. Brown, 125 Fed. Appx. 51, 52 (7th Cir. 2005). On direct appeal, the Seventh Circuit Court of Appeals affirmed the order denying suppression and rejected Petitioner's argument that there was insufficient evidence to support his conviction. Id. Further, the appellate court concluded that any argument that Petitioner's sentence was unconstitutional under Blakely[2] and Booker[3] would be frivolous because he did not object to the characterization of his previous convictions and because "the existence of a prior conviction need not be proven beyond a reasonable doubt." Id. at p. 54 (citing United States v. Pittman, 388 F.3d 1104, 1109 (7th Cir. 2004)).

On April 12, 2005, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with the sentencing court. See United States v. Brown, 2005 U.S. Dist. LEXIS 38834 (S.D. Ind. 2005). The motion was dismissed with prejudice on July 5, 2005. Id. Specifically, the Court denied the motion as it related to any search issues because they were previously litigated. Id. at *2. As to the new claim of ineffective assistance of counsel, the District Court held that Petitioner did not satisfy his burden of proof. Id. at *4. Additionally, the Court determined that

---

[2]Blakely v. Washington, 542 U.S. 296 (2004) (extending the holding in Apprendi to Washington's sentencing procedure); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[3]United States v. Booker, 543 U.S. 220 (2005) (applying Blakely to persons in federal custody to hold that the mandatory enhancement of a sentence under the Guidelines, based on facts not found by a jury, violates the Sixth Amendment); See also United States v. Davis, 407 F.3d 162, 163 (3d Cir. 2005).

because the sentence did not exceed the statutory maximum of ten (10) years, a corresponding jury finding pursuant to Apprendi "is beside the point." Id. at *5. Finally, the Court held that Petitioner's suggestion that his state court conviction for reckless homicide was not a "crime of violence" for purposes of applying USSG § 2K2.1(a)(4)(A) "is absurd." Id. On appeal, Petitioner's request for a rehearing was denied. See Brown v. United States, 2006 U.S. App. LEXIS 4472 (7th Cir. 2006).

On May 17, 2007, Petitioner filed a habeas motion in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 2254. See Brown v. Attorney General of Indiana, 2:07-cv-109 (S.D. Ind. May 17, 2007). He challenged his 1992 state court conviction in Marion County, Indiana for reckless homicide. Id. at (Doc. 19). Petitioner, who had received a state sentence of four (4) years, was discharged when the federal habeas motion was filed. Id. Accordingly, on November 14, 2007, the District Court dismissed the motion for lack of jurisdiction because Petitioner was not "in custody." Id. More than two (2) years later, Petitioner filed a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b)(1). Id. at (Doc. 41). Petitioner argued that his federal confinement was enhanced by the state court conviction and therefore he did meet the "in custody" requirement. Id. at (Doc. 57). The District Court denied relief. Id. at (Doc. 45). On appeal, the Seventh Circuit Court of Appeals concluded that Petitioner failed to make a substantial showing of the denial of a constitutional right and denied his request for a certificate of appealability. Id. at (Doc. 57).

Petitioner again filed a motion to vacate sentence on April 30, 2008, challenging the validity of his 1992 state court conviction for reckless homicide. Brown v. Attorney General of Indiana, 1:08-cv-567 (S.D. Ind. April 30, 2008). On May 16, 2008, the United States District

Court for the Southern District of Indiana determined that the action was brought pursuant to 28 U.S.C. § 2254, rather than section 2255, and directed Petitioner to show cause why the case should not be dismissed as an unauthorized successive habeas petition. Id. at (Doc. 6). Petitioner responded that his motion should be considered a writ of error coram nobis. Id. at (Doc. 8). On May 29, 2008, the Court held that although Petitioner labeled the motion as being filed under the All Writs Act, 28 U.S.C. § 1651, to avoid his restriction on filing a successive section 2254 motion, the writ is not available to challenge a state conviction. Id. at (Doc. 9). The District Court explained that its decision in Brown v. Attorney General of Indiana, 2:07-cv-109 (S.D. Ind. November 14, 2007), was a ruling on the merits as to trigger the requirements for filing a successive motion under 28 U.S.C. § 2244 and that Petitioner failed to meet these limitations. Id.. Therefore, the case was dismissed. Id. Petitioner's request for a certificate of appealability was thereafter denied by the Court of Appeals for his failure to timely pay the docketing fee. Id. at (Doc. 19).

On May 23, 2011, the same day the instant action was filed in this Court, Petitioner also filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana. Brown v. Attorney General of Indiana, 1:11-cv-695 (S.D. Ind. May 23, 2011); Brown v. AG of Ind., 2011 U.S. Dist. LEXIS 93308 (S.D. Ind. 2011). In that case, Petitioner argued that the state breached the 1992 plea agreement. Id. The District Court dismissed the petition on August 18, 2011, as an unauthorized second or successive habeas application. Id. The matter is currently pending on appeal in the Seventh Circuit Court of Appeals. Id. at (Docs. 11-15).

In the case at hand, initiated on May 23, 2011, by a petition for writ of habeas corpus

under 28 U.S.C. § 2241, Petitioner alleges that the State of Indiana breached the plea agreement he entered into regarding his 1992 conviction for Reckless Homicide and that this breach invalidated the conviction. (Doc. 1, pp. 8-13). The petition claims that, consequently, the state conviction should not have been used in 2004 by the United States District Court for the Southern District of Indiana to enhance Petitioner's federal sentence. (Id.). Petitioner alleges that he is actually innocent of the sentence enhancement and that he should have received a significantly lower federal sentence. (Id. at pp. 13-18). He further asserts that the Indiana District Court erred in 2007 when it dismissed his prior habeas application based on its finding that he was not "in custody." (Id. at p. 6). Petitioner argues that this Court has jurisdiction to address the Indiana District Court's holding and his 1992 state court conviction in his section 2241 habeas petition because 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his detention. (Id. at pp. 1-8, 18-21).

On June 6, 2011, Magistrate Judge Blewitt filed an R&R concluding that 28 U.S.C. § 2255 governs Petitioner's claims and that the petition should be dismissed for lack of jurisdiction because Petitioner did not obtain permission from the court of appeals to file a successive habeas application. (Doc. 9). Petitioner filed objections to the R&R on June 24, 2011. (Doc. 12).

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the

magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.); Cf. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.) (In the absence of objections, review may properly be limited to ascertaining whether there is clear error.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); O'Kereke v. United States, 307 F.3d 117, 122-23 (3d Cir. 2002); Cf. 28 U.S.C. § 2254(a) (governing habeas applications on behalf of persons in custody pursuant to state court judgments). Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently." Fraser v. Zenk, 90 Fed. Appx. 428, 430 n.3 (3d Cir. 2004), citing United States v. Hayman, 342 U.S. 205, 210-19 (1952).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); O'Kereke, 307 F.3d at 120 (explaining that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claim of wrongful

detention.'" Yuzary v. Samuels, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002)). Importantly, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id.; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Here, Magistrate Judge Blewitt concludes that 28 U.S.C. "§ 2255 is an adequate and effective remedy for Petitioner Brown to raise his instant habeas claim...." (Doc. 9, p. 6) (citing Wallace v. Bledsoe, 2011 U.S. Dist. LEXIS 18799 (M.D. Pa. 2011) (Jones, J.)). The R&R explains that simply because Petitioner's prior habeas motion was dismissed by the United States District Court for the Southern District of Indiana and/or the one-year statute of limitations to file a section 2255 motion has expired, does not render 28 U.S.C. § 2255 inadequate or ineffective for Petitioner to raise his present claim. (Id. at pp. 6-7), citing Blum v. Holt, 2010 U.S. Dist. LEXIS 75358 (M.D. Pa. 2010) (Conner, J.) (dismissing the petitioner's section 2241 habeas claim, that the federal court incorrectly determined that he was a career criminal for purposes of sentencing based on a prior state court conviction, for lack of jurisdiction), affirmed, Blum v. Holt, 410 Fed. Appx. 426, 428 (3d Cir. 2011) (agreeing with the "District Court that Blum has not demonstrated that a § 2255 motion provides inadequate or ineffective means to raise his claim"); see also Littles v. United States, 142 Fed. Appx. 103 (3d Cir. 2005) (affirming the dismissal of the petitioner's section 2241 petition for lack of jurisdiction because 28 U.S.C. § 2255 was not inadequate or ineffective to test the petitioner's claim that one of his previous state convictions should not have been used to enhance his federal sentence). The Report states that although the limitations period has expired, "Petitioner can nonetheless file a motion to file a

second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)[4] with the Seventh Circuit Court of Appeals." (Doc. 9, p. 7). Accordingly, the Magistrate Judge concludes that Petitioner's claims are governed by 28 U.S.C. § 2255. (Id. at p. 9). Further, because Petitioner did not obtain permission from the Seventh Circuit Court of Appeals to file a second or successive section 2255 motion pursuant to 28 U.S.C. § 2244(b)(3), the R&R recommends that the petition be dismissed for lack of jurisdiction. (Id. at pp. 10-11).

The court of confinement lacks jurisdiction to consider a prisoner's section 2255 motion because such motions must be filed in the sentencing court. Lugo v. Zickefoose, 427 Fed. Appx. 89, 92 (3d Cir. 2011). Additionally, where a petitioner fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction over a second or successive section 2255 motion. Id.; see also 28 U.S.C. § 2255(h) ("A second or successive motion must be certified ... by a panel of the appropriate court of appeals..."). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003).

After de novo review, this Court agrees with Magistrate Judge Blewitt that the instant claims are controlled by 28 U.S.C. § 2255, that Petitioner previously filed a section 2255 habeas petition in the United States District Court for the Southern District of Indiana, and that Petitioner did not have authorization from the court of appeals to file a successive application.

---

[4] 28 U.S.C. § 2244(b)(3)(A) states: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Accordingly, the Magistrate Judge correctly concludes that the case should be dismissed for lack of jurisdiction.

In his objections to the R&R, Petitioner argues that the Magistrate Judge misinterpreted his petition. (Doc. 12, pp. 1-4). Specifically, he challenges the finding that his section 2255 motion was denied by the United States District Court for the Southern District of Indiana for failure to exhaust state court remedies regarding his 1992 Indiana state court conviction. (Id.), citing (Doc. 9, pp. 4-5). Upon review, this Court determines that the Report incorrectly recited the factual background on this point; but that, Magistrate Judge Blewitt did not err in concluding that the instant petition is an unauthorized successive habeas application.

In the instant habeas petition, Petitioner alleges that, in 2004, when the United States District Court for the Southern District of Indiana enhanced his sentence based on a 1992 state court conviction, he had a renewed opportunity to challenge the state conviction.[5] (Doc. 1, p. 3). He claims, however, that at that time, federal courts were summarily denying motions to vacate pursuant to 28 U.S.C. § 2255 for failure to exhaust state remedies. (Id. at p. 4). Petitioner asserts that when he finally exhausted available state remedies, the one-year limitations period applicable to section 2255 motions had expired. (Id.).

This Court finds that these allegations imply that Petitioner timely filed a section 2255 motion in federal court challenging his 1992 state conviction and that his claims were dismissed

---

[5]Contrary to Petitioner's argument, "[a]fter an enhanced federal sentence has been imposed..., the person sentenced may [only] pursue any channels of direct or collateral review still available to challenge his prior conviction." Daniels v. United States, 532 U.S. 374, 382 (2001) (emphasis added); United States v. Schweitzer, 2010 U.S. Dist. LEXIS 66704, *6-7 (E.D. Pa. 2010) (concluding that "once the defendant forgoes the opportunity to challenge his earlier conviction, judicial review 'has been closed' and 'defendant is not entitled to another bite at the apple simply because that conviction is later used to enhance another sentence'").

9

for failure to exhaust state court remedies. See (Doc. 1). Apparently, the Magistrate Judge relied on this implication. However, in Petitioner's objections, he claims that he did not add "the issue of his 1992 unconstitutional conviction" to his 2005 motion to vacate for fear that it would be dismissed for failure to exhaust. (Doc. 12, p. 3). After review of the federal dockets, this Court will sustain Petitioner's objection insofar as the R&R incorrectly states that his claim was previously dismissed for failure to exhaust state court remedies.

Petitioner's first section 2255 motion was dismissed by the sentencing court on the merits and with prejudice. Although the District Court did not consider the exact issues raised herein, it did discuss Petitioner's suggestion that his state court conviction could not be used to enhance his sentence. See Brown, 2005 U.S. Dist. LEXIS 38834 at *5. Notably, Petitioner attempted to raise the issue again in 2007 under 28 U.S.C. § 2254, in 2008 pursuant to 28 U.S.C. § 1651, and in 2011 with a section 2241 petition in the United States District Court for the Southern District of Indiana. See Brown v. Attorney General of Indiana, 2:07-cv-109 (S.D. Ind. May 17, 2007); Brown v. Attorney General of Indiana, 1:08-cv-567 (S.D. Ind. April 30, 2008); Brown v. Attorney General of Indiana, 1:11-cv-695 (S.D. Ind. May 23, 2011). The District Court repeatedly concluded that Petitioner had to obtain permission from the Seventh Circuit Court of Appeals to file a successive application. Id. Consequently, the misstated fact in the background section of the R&R does not change the recommendation.

In his third objection, Petitioner disputes the Report's interpretation of the "inadequate and ineffective" standard. (Doc. 12, pp. 4-5). He quotes the Third Circuit Court of Appeals' holding that a "§ 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording

him a full hearing and adjudication of his wrongful detention claim." (Id.) (quoting Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)). Petitioner contends that the one-year period of limitation hindered his ability to use 28 U.S.C. § 2255. (Id.). Further, he argues that his petition "demonstrated the district courts [sic] 'procedure' to summarily deny or dismiss petitioner's § 2255 motion for failure to exhaust state remedies." (Id.).

First, courts have repeatedly held that section 2255 is not inadequate or ineffective simply because the one-year period of limitation has expired; therefore, Petitioner's claim that the limitation's period prevented him from proceeding under section 2255 was properly rejected by the Magistrate Judge. See Cradle, 290 F.3d at 539.

Second, contrary to his assertion, Petitioner has not shown that the courts' alleged practice of dismissing claims for failure to exhaust state court remedies prevented him from obtaining an adjudication of his claim. According to Petitioner, he did not add "the issue of his 1992 unconstitutional conviction" to his 2005 motion to vacate, (Doc. 12, p. 3); thus, there is nothing to establish what was the courts' practice. Regardless, had Petitioner's first habeas petition been dismissed solely for failure to exhaust state remedies without adjudication on the merits, a second petition would not be deemed a "second or successive" petition as that term is understood in the habeas corpus context. See Slack v. McDaniel, 529 U.S. 473, 478 (2000). However, because Petitioner's first habeas petition was dismissed on the merits, any subsequent petition is considered a successive application.

In Burton, the District Court and the Ninth Circuit Court of Appeals rejected the State's contention that the court lacked jurisdiction to entertain the 2002 habeas petition because Burton did not have prior authorization to file a second or successive habeas petition. Burton v. Stewart,

549 U.S. 147, 152 (2007). The courts reasoned that because Burton had not exhausted his sentencing claims in state court when he filed his 1998 petition, "they were not ripe for federal habeas review." Id. at p. 153. The United States Supreme Court vacated these decisions, concluding that the 2002 petition should have been treated as a second or successive petition filed without prior authorization. Id. at p. 157. The Supreme Court explained that when a prisoner's claim in his first habeas petition is dismissed for failure to exhaust, he may raise the same claim in a second petition once the claim is exhausted and it will not be deemed a successive petition. Id. at p. 154. But, when the first petition raises both exhausted and unexhausted claims, if an adjudication on the merits is reached as to any of the claims, any later petition will be considered second or successive. Id. at p. 155.

Consequently, after de novo review, this Court finds no error in Magistrate Judge Blewitt's interpretation of the "inadequate and ineffective" standard. Petitioner's third objection will be overruled.

In his fourth objection, Petitioner challenges the Magistrate Judge's conclusion that "Petitioner's recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Seventh Circuit Court of Appeals." (Doc. 12, pp. 5-6), citing (Doc. 9, p. 10). He argues that he may proceed under 28 U.S.C. § 2241 and that the court must respect his choice of statute. (Doc. 12, p. 6). For support, Petitioner cites Collins, which held that "[p]ersons who initiate independent litigation are entitled to have it resolved under the grant of authority they choose to invoke." (Id.); Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007). However, the Court also stated that "the caption on a document does not matter." Id. The Court explained that only the sentencing court may entertain a section 2255 action. Id. Further, the

Court determined that if section 2255 offered Collins one full and fair opportunity to contest his conviction, then the section 2241 action must be dismissed. Id. Only if 28 U.S.C. § 2255 did not offer Collins an opportunity to test the validity of his conviction and if he presents a claim of actual innocence, need the district court entertain his section 2241 petition on the merits. Id.

Consistent with Collins, the R&R concludes that Petitioner cannot proceed under 28 U.S.C. § 2255 because such an action must be raised in the sentencing court. See (Doc. 9, p. 7). Also in accordance with Collins, Magistrate Judge Blewitt finds that because section 2255 is adequate and effective, Petitioner's section 2241 petition must be dismissed. (Doc. 9, p. 6). Consequently, Petitioner's only recourse is to seek permission from the appropriate court of appeals to file a successive habeas application. The Magistrate Judge correctly determines that this Court lacks jurisdiction.

As previously explained, review under 28 U.S.C. § 2241 is limited to circumstances where the section 2255 remedy is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e). This is only established when some limitation of scope or procedure would prevent a section 2255 proceeding from affording Petitioner with a full hearing and adjudication of his claim. See Yuzary, 269 Fed. Appx. at 201; Cradle, 290 F.3d at 539. Petitioner had an opportunity to test the validity of his conviction in his prior habeas applications.

Moreover, he has not established actual innocence. Habeas jurisprudence allows the courts to hear a successive petition to avoid a miscarriage of justice if the petitioner makes a "strong showing of actual innocence." United States v. Kenney, 391 Fed. Appx. 169, 172 (3d Cir. 2010) (holding that section 2255's "safety valve" is extremely narrow). Innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense

such that the remedy afforded by section 2255 would be inadequate or ineffective. Pryce v. Scism, 2011 U.S. Dist. LEXIS 1171, *11 (M.D. Pa. 2011) (Jones, J.).

Finally, federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999); Pryce, 2011 U.S. Dist. LEXIS 1171 (concluding that section 2255, not section 2241, is the appropriate section to address Pryce's claim that he is actually innocent of being a career criminal because his prior state convictions should not have been considered to enhance his current federal sentence); see also United States v. Kenney, 391 Fed. Appx. 169, 171-172 (3d Cir. 2010); United States v. Rodriguez, 327 Fed. Appx. 327, 329-30 (3d Cir. 2009); Diaz-Pabon v. Warden, 160 Fed. Appx. 251, 254 (3d Cir. 2005). Petitioner's fourth objection will therefore be overruled.

In Petitioner's last objection, he claims that the Magistrate Judge misinterpreted Congress's intent regarding the safety valve language in 28 U.S.C. § 2255. (Doc. 12, pp. 6-8) (citing In re Dorsainvil, 119 F.3d 245). Petitioner acknowledges that habeas relief under 28 U.S.C. § 2241 is "reserved for rare cases", but argues that Congress did not intend to impinge upon a prisoner's right to collaterally attack his conviction. (Id.) (citing United States v. Hayman, 342 U.S. 205, 219 (1952); In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

The cases upon which Petitioner relies are distinguishable. First, the Hayman Court determined that the section 2255 procedure is inadequate and ineffective when the district court holds an evidentiary hearing to decide factual issues without the petitioner's presence. Hayman, 342 U.S. at 224. Such a situation is not present in the instant action. Second, the Court in In re Davenport addressed consolidated cases and concluded that the remedy under 28 U.S.C. § 2255

was adequate and effective for the petitioner, Davenport, who attacked a sentence enhancement rather than his conviction. See 147 F.3d at 609-10. However, the Court concluded that the other petitioner, Nichols, who attacked his conviction, did not have an early opportunity to challenge his conviction because the law defining the criminal offense changed after his trial. Id. (citing In re Dorsainvil, 119 F.3d 245). Petitioner, here, unlike Nichols and the petitioner in In re Dorsainvil, is challenging the use of a state court conviction to enhance his federal sentence based on facts that occurred prior to the filing of his first motion to vacate with no intervening change in the law. Accordingly, the R&R correctly concludes that the safety valve in 28 U.S.C. § 2255 does not apply to Petitioner's claims. See also O'Kereke, 307 F.3d at 120 (finding that "In re Dorsainvil was a rare situation"). Petitioner's fifth objection will be overruled.

**Conclusion**

Upon de novo review of the R&R, this Court concludes that Magistrate Judge Blewitt correctly determines that this Court does not have jurisdiction to entertain the habeas petition. Petitioner's claims are governed by 28 U.S.C. § 2255 and must be filed in the court of conviction, which is the United States District Court for the Southern District of Indiana. Additionally, because Petitioner previously filed a section 2255 motion, he had to obtain permission from the court of appeals before filing the instant petition, which he did not. A district court may not entertain a successive section 2255 motion without prior authorization from the court of appeals. Further, the Magistrate Judge rightly decides that Petitioner may not proceed under 28 U.S.C. § 2241 because section 2255 is an adequate and available remedy. Although this Court will sustain Petitioner's objections to the extent that the R&R misstated the grounds upon which the first motion to vacate was denied, this error does not alter the Magistrate

Judge's legal conclusions. The R&R will therefore be adopted and the habeas petition will be dismissed. Based on the reasons stated herein, this Court finds no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253.

_____
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER BROWN, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 3:11-CV-986 |
| | : | |
| v. | : | (JUDGE NEALON) |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| B.A. BLEDSOE, WARDEN, | : | |
| | : | |
| Respondent | : | |

## ORDER

**AND NOW, THIS 11th DAY OF JANUARY, 2012,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (Doc. 9) is **ADOPTED**;

2. Petitioner's objections to the R&R (Doc. 12) are **OVERRULED in part**;

3. The petition for a writ of habeas corpus (Doc. 1) is **DISMISSED**;

4. Petitioner's motion for summary judgment (Doc. 4) is **DISMISSED AS MOOT**;

5. The Clerk of Court shall **CLOSE** this case; and

6. There is no basis for the issuance of a certificate of appealability.

/s/ William Nealon
United States District Judge